NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHINE MAHINDA,<br><br>Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC, INC., MATTHEW O'SULLIVAN Site Director Fair Lawn, HAZEL DONESA Director Human Resources and Individually Defendants,<br><br>Defendants. | No. 23cv20810 (EP) (AME)<br><br>OPINION |

**PADIN, District Judge.**

This action arises out of a dispute between Plaintiff Josephine Mahinda and her former employer, Defendant Thermo Fisher Scientific, Inc. ("TFS"). Plaintiff sued TFS in state court, along with two TFS employees, Matthew O'Sullivan ("Site Director") and Hazel Donesa ("HR Director") (collectively, "Defendants"). Plaintiff is alleging workplace discrimination and retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1 *et seq.* ("LAD"), and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19–1 *et seq.* ("CEPA"). D.E. 19 ("Second Amended Complaint" or "SAC").

Defendants removed to this Court; Plaintiff now moves to remand. D.E. 21. Defendants cross-move under Rule 12(b)(6) to dismiss the claims against the Site Director and the HR Director as individuals. D.E. 26. For the reasons below, the Court will **GRANT** Plaintiff's motion to remand. As such, the Court does not reach the merits of Defendants' motion to dismiss and will **DENY** the motion without prejudice.[1]

---

[1] The Court decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b).

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a New Jersey resident who worked at a New Jersey TFS site. SAC ¶¶ 1-3. TFS is incorporated in Delaware; its principal place of business is in Massachusetts. D.E. 1 at 3, ¶9(b). The Site Director and the HR Manager are both domiciled in New Jersey. SAC ¶¶ 5-6.

Plaintiff filed this action in state court. Defendants filed a partial motion to dismiss, and New Jersey Superior Court Judge Ostuni dismissed the claims against the Site Director and the HR Director without prejudice. *Mahinda v. Fisher Sci. Co., LLC*, N.J. Super. Ct. Law Div., BER-L-002665-23, LCV20232872764. Additionally, Judge Ostuni dismissed the CEPA claims against all parties. *Id.* Judge Ostuni noted that LAD claims against individuals require pleading an "aiding and abetting" theory, and that "Plaintiff provided facts in her opposition to the motion [to dismiss] to potentially support an aiding and abetting claim against defendants O'Sullivan and Donesa . . . . [but] this [motion] was not the appropriate place for plaintiff's rebuttal. To raise her aiding and abetting claim, plaintiff must amend her complaint and properly plead the claim with these facts." *Id.* at 5. Judge Ostuni further held that Plaintiff was "free to amend [her] complaint to comport with the above ruling." *Id.* at 6.

Before Plaintiff could do so, TFS removed the case to this Court. *See* D.E. 1. Once here, Plaintiff moved to stay removal. D.E. 4. Magistrate Judge Espinosa heard oral argument on November 20, 2023. D.E. 19. Following argument, Judge Espinosa denied Plaintiff's motion to stay removal and ordered that Plaintiff file an amended complaint by December 19, 2023. *Id.* Judge Espinosa explicitly clarified to Plaintiff that the leave to amend granted by Judge Ostuni to add the individual defendants back into the case remained in place. *Id.* Plaintiff timely filed the amended complaint on December 15, 2023, which—as contemplated by Judges Ostuni and Espinosa—named both the Site Director and the HR Manager as individual defendants. D.E. 20.

2

II.     ANALYSIS

The Court first addresses Plaintiff's motion to remand. Even if Plaintiff had not moved for remand, the Court would examine its subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."). Because the presence of New Jersey defendants alongside a New Jersey plaintiff destroys diversity jurisdiction, the Court must remand.

Diversity jurisdiction requires diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332. Section 1332 requires complete diversity among the parties: "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

After removal, a federal court must remand a case if the addition of a defendant destroys subject matter jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Courts interpret §1447(e) to require remand when a non-diverse party is added as a defendant. *See, e.g.*, *Bishop v. Moore*, No. Civ.A. 99-2275, 2000 WL 246583, at *2 (D. Kan. Feb. 4, 2000) ("[W]here a plaintiff attempts to add a new, nondiverse defendant to his action, however, the court determines that such an addition serves to destroy diversity jurisdiction."); *Sharp v. Kmart Corp.*, 991 F.Supp. 519, 527 (M.D. La. 1998) ("The language of 28 U.S.C. §1447(e) is clear. If a non-diverse party is added to the case after it is removed to federal court and destroys complete diversity of citizenship between the

parties, the court must remand the suit to state court."); *Gilberg v. Stepan Co.*, 24 F.Supp.2d 355, 359 (D.N.J. 1998) ("As [non-diverse party]'s joinder destroys complete diversity between the parties, this action must be remanded to State court.").

Defendants oppose remand, arguing that, "with the dismissal of the Individual Defendants . . . jurisdiction remains proper in this Court based on diversity of citizenship." D.E. 26 at 14. In other words, Defendants ask this Court to grant their 12(b)(6) motion, dismiss the claims against the HR Manager and Site Director, and thereby restore complete diversity.

But Defendants have it backwards. A federal court cannot, in the circular manner Defendants suggest, exercise jurisdiction to decide a motion where the outcome determines whether the court had jurisdiction in the first place. Rather, jurisdiction is a threshold question. *See Newton v. S. Jersey Paper Prods. Co., Inc.*, No. 19-cv-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 28, 2020) (holding that a court is "obligated to consider [a] motion to remand first," before examining a motion to dismiss); *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, Civil No. 06-4847, 2006 W.L. 3780555 (D.N.J. Dec. 20, 2006) (holding a motion to remand must be examined before a motion to dismiss). Here, Plaintiff, a New Jersey citizen, named New Jersey defendants, whose addition destroyed diversity jurisdiction. As such, this Court must remand. Absent subject matter jurisdiction, the Court does not reach the merits of Defendants' 12(b)(6) motion.

### III.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion to remand and **DENY** Defendants' motion to dismiss without prejudice. An appropriate Order accompanies this Opinion.

Dated: August 22, 2024

_____
Evelyn Padin, U.S.D.J.